TurNEY, J.,
delivered the opinion of the Court.
The decree of the Chancellor, dismissing the bill for /. want of equity on its face, is a proper one.
On the 25th of November, 1865, the Sheriff of Bed-ford county, by virtue of an execution from the Circuit Court of that county, sold a lot of land in the town of Shelbyville, belonging to complainant. Defendant became the purchaser, at the price of one hundred and fifty dollars.
On the 19th day of February, 1868, complainant proposed to redeem, and made a tender to defendant of the purchase money, together with interest and charges, which was declined; whereupon this bill was filed, alleging the foregoing facts, and praying that complainant be permitted to redeem.
*577 The bill is based upon s. 2, c. 20, of the Act of 28th June, 1861, entitled “An Act to extend the time for the redemption of real estate,” providing: “Be it further enacted, That, in all cases where real estate shall hereafter be sold, subject to redemption, the debtor or his bona fide creditors shall have three years1 in which to redeem said real estate, in the manner now prescribed by law. This Act to take effect from and after its passage.”
This Act was passed at an extra session of the Legislature, assembled on proclamation of the Governor. Article 3, s. 9, of the Constitution, then the Supreme law of the State, provides: “The Governor may, on extraordinary occasions, convene the General Assembly by proclamation, and state to them, when assembled, the purposes for which they shall have been convened; but they shall enter on no legislative business except that for which they were especially called together.”
Under this provision in the Constitution, the Legislature convened on the 25th of April, 1861; remained in session until the 9th of May, when it' adjourned under a resolution to reassemble on the 18th of June, at which time it did convene, and continue in session until about the 5th of July. Governor Harris, at this extra session, submitted two messages — one of the 25th of April, and the other of the 18th of June. Except a recommendation to elect a State Librarian in the room of E. J. Meigs, who had resigned, both these messages are confined to a discussion of the military and political interests of the State, without reference, directly or remotely, to municipal enactment', regulation or amendment.' It *578 follows that the Legislature, in the passage of the Act referred to, entered on legislative business for which they were Aot especially called together; and the statute is a nullity. This is decisive of the case, and relieves ús of the consideration of the question touching the “so-called” Schedule of 1865, to the Constitution of the State.
Affirm the decree.